UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

PHILLIP WHITE and RICARDO HICIANO,
Individually and On Behalf Of All Others
Similarly Situated,

                                              Civil Case No.
                       Plaintiffs,
    -against-

ROLLING FRITO-LAY SALES, L.P.,

                       Defendant.
_____

## CLASS ACTION COMPLAINT

Plaintiffs, PHILLIP WHITE and RICARDO HICIANO allege of their own personal knowledge and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs, individually and in their representative capacities bring this action for violations of New York's Wage and Hour Laws ("NYLL"), and violations of the Fair Labor Standards Act ("FLSA"). More specifically, Plaintiffs assert that they and members of the Class, as non-exempt employees, are entitled to recover all unpaid overtime compensation, for hours in excess of 40 in the workweek; for liquidated damages, costs and reasonable attorney's fees.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed widespread violations of the NYLL and FLSA, as above described.

## PARTIES

3. Plaintiff, PHILLIP WHITE, is an individual presently residing in Bronx, New York 10458.

4. Plaintiff, RICARDO HICIANO, is an individual presently residing in Bronx, New York 10467.

5. ROLLING FRITO-LAY SALES, L.P.("FRITO-LAY") is a foreign limited partnership created under and by virtue of the laws of the State of Delaware, with principal offices located in Plano, Texas 75024.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because it arises under the Federal Fair Labor Standards Act, 29 U.S.C. §201 et. seq., a federal statute.

7. This court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a), pursuant to the doctrine of supplemental jurisdiction.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) (c), because FRITO-LAY transacts business in this District; a substantial part of the acts or omissions giving rise to this action occurred in this District and FRITO-LAY is subject to personal jurisdiction in this District.

## STATEMENT OF MATERIAL FACTS

9. FRITO-LAY is primarily engaged and operates in the Potato Chips and Similar Snacks business / industry within the Food and Kindred Products sector.

10. FRITO-LAY is engaged in interstate commerce, with an annual gross volume of business exceeding $500,000.00.

11. Plaintiff WHITE was employed by FRITO-LAY as a route sales associate in New York, from approximately June 28, 2017 to February 12, 2018.

12. Plaintiff HICIANO was employed by FRITO-LAY as a route sales associate in New York, from approximately 2009 to September 2017.

13. Plaintiffs' job responsibilities included delivering product, obtaining signature of receipt, picking up returns and completing logs and other paperwork related to deliveries.

14. At all times material and relevant herein, FRITO-LAY was the employer of each Plaintiff within the meaning of 29 U.S.C. §§201 et. seq.

15. At all relevant times, each Plaintiff was an employee of FRITO-LAY within the meaning of NYLL§§650 et. seq. and the supporting New York State Department of Labor regulations.

16. At all relevant times, FRITO-LAY possessed the authority and power to hire or terminate each Plaintiff and members of the Class.

17. At all relevant times, FRITO-LAY possessed the authority and power to control the work schedule and conditions of employment of each Plaintiff and members of the Class.

18. At all relevant times, FRITO-LAY possessed the authority and power to determine the rate and method of the payment of wages to each Plaintiff and members of the Class.

19. At all relevant times, FRITO-LAY possessed the authority and power to determine its own corporate overtime policy.

20. At all relevant times, FRITO-LAY possessed the authority and power to maintain and/or had unrestricted access to records regarding the employment of each Plaintiff and members of the Class.

21. Plaintiff WHITE was required by FRITO-LAY and did regularly work over 40 hours per week.

22. At all relevant times, Plaintiff WHITE worked at least 60 hours per week.

23. Plaintiff HICIANO was required by FRITO-LAY and did regularly work over 40 hours per week.

24. At all relevant times, Plaintiff HICIANO worked at least 60 hours per week.

25. Plaintiff WHITE regularly worked more than ten (10) hours in a single work day.

26. Plaintiff HICIANO regularly worked more than ten (10) hours in a single work day.

27. During the applicable statutory period, each Plaintiff and members of the Class were required to submit false time records which understated the true number of hours worked each week.

28. During the applicable statutory period, Plaintiffs and members of the Class were required to work off-the-clock and did not receive compensation for that time.

29. During the applicable statutory period, each Plaintiff and members of the Class were never paid overtime compensation by FRITO-LAY, for all hours worked each week, in excess of 40 hours.

30. During the applicable statutory period, each Plaintiff and members of the Class were paid overtime compensation by FRITO-LAY, for some hours worked each week, in excess of 40 hours.

31. During the applicable statutory period, each Plaintiff and members of the Class were never paid overtime compensation by FRITO-LAY, at a rate of 1.5 times their regular rate of pay, for all hours worked each week, in excess of 40 hours.

32. During the applicable statutory period, each Plaintiff and members of the Class were paid overtime compensation by FRITO-LAY, for some hours worked each week, in excess of 40 hours, but always at a rate of less than 1.5 times their regular rate of pay.

33. At all times material and relevant herein, FRITO-LAY failed to keep full and accurate records of hours and wages of Plaintiff and members of the Class, in violation of 29 C.F.R. §§ 516.5, 516.6, NYLL § 661, and NYCRR Tit. 12 §472.2.

34. To illustrate the foregoing, during the week of 08/20/17 to 08/26/17, Plaintiff WHITE worked 77.25 hours and received compensation in the amount of $979.72, consisting of base salary of $770.00 and overtime compensation in the amount $209.72 at a rate of $5.63 per overtime hour (37.25 X $5.63=$209.72).

35. Plaintiff's regular rate of pay for this work week was $770.00 ÷ 77.25 = $9.967 and he should have received an overtime rate of $9.967 X 1.5= $14.95.

36. Plaintiff should have received $14.95 X 37.25= $556.90 overtime compensation for the week.

37. Similarly, during the week of 06/04/17 to 06/10/17, Plaintiff HICIANO worked 60.00 hours and received gross compensation in the amount of $ 1169.59.

38. Plaintiff's regular rate of pay for this work week was $ 1169.59 ÷ 60.00 = $19.49 and he should have received an overtime rate of $19.49 X 1.5= $29.23.

39. Plaintiff should have received $29.23 X 20.00= $ 584.79 overtime compensation for the week. Instead, he received $43.75.

40. During the applicable statutory period, other current and former employees of FRITO-LAY, are similarly situated in that they were not paid overtime compensation as mandated by the FLSA.

41. During the applicable statutory period, other current and former employees of FRITO-LAY, employed as route sales associates in New York, are similarly situated in that they were not paid overtime compensation as mandated by the NYLL.

42. FRITO-LAY intentionally and knowingly circumvented FLSA and NYLL overtime compensation requirements.

43. FRITO-LAY's wrongful acts, omissions and/or commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the

U.S. Department of Labor and/or the New York Department of Labor, or any administrative practice or enforcement policy of such departments.

44. FRITO-LAY's widespread violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

## CLASS ALLEGATIONS

45. Plaintiffs repeat and reallege all preceding paragraphs, as if fully set forth herein.

46. Plaintiffs brings this action on behalf of themselves and all others similarly situated.

47. Plaintiff seeks to represent the following Class:

> **All current and former route sales associates in New York, employed by ROLLING FRITO-LAY SALES, L.P. and/or its predecessor FRITO-LAY, INC. during the applicable statutory period, who were not paid overtime compensation at a rate of 1.5 times their regular rate of pay, for all hours in a workweek in excess of 40.**

48. Plaintiffs are members of the Class they seek to represent.

49. Plaintiffs sue on behalf of themselves and those members of the above-defined class who have filed or will file with the Court their consents to sue. This is an appropriate collective or representative action under 29 U.S.C. § 216(b), sometimes referred to as an opt-in class action.

50. Plaintiffs and the putative class are similarly situated in that they are all subject to FRITO-LAY's common plan or practice of refusing to compensate them for

overtime compensation at a rate of 1.5 times their regular rate of pay, for all hours in a work week in excess of 40.

51. As to Plaintiffs' claims for money damages, pursuant to NYLL §650 et. seq., the applicable wage and hours law under which class members worked, Plaintiffs sue on behalf of themselves and all other members of the above-defined class. Class certification for these state law claims is appropriate under Rule 23(a) and Rule 23(b)(3) because all the requirements of the Rules are met.

52. The class is so numerous that joinder of all members is impractical. Upon information and belief, there are hundreds of members in the Class. While the exact number and identities of class members are unknown at this time, such information is in the possession of FRITO-LAY and can be ascertained through appropriate discovery.

53. There are questions of law and fact common to the Class.

54. The named Plaintiff's claims are typical of those of the Class members. Plaintiffs' claims encompass the challenged practices and course of conduct of FRITO-LAY. Plaintiff's legal claims are based on the same legal theories as the claims of the putative class members. The legal issues as to which federal and state laws are violated by such conduct apply equally to Plaintiffs and to the class.

55. The named Plaintiffs will fairly and adequately protect the interests of the Class. The Plaintiffs' claims are not antagonistic to those of the putative Class and they have hired competent counsel skilled in the prosecution of class actions.

56. Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

57. To conduct this action as a collective action under the FLSA and as a conventional class action under FRCP Rule 23 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

### FIRST CLAIM FOR RELIEF
### (INDIVIDUAL CLAIMS –FLSA VIOLATIONS)

58. Plaintiffs repeat and reallege all preceding paragraphs, as if fully set forth herein.

59. FRITO-LAY violated the FLSA by failing to compensate Plaintiffs for all hours worked, each work week.

60. FRITO-LAY required Plaintiffs to submit false time records which understated the true number of hours worked.

61. FRITO-LAY violated the FLSA by failing to properly compensate Plaintiffs for all hours in a workweek in excess of forty (40).

62. FRITO-LAY violated the FLSA by failing to compensate Plaintiffs at a rate of 1.5 times their regular rate of pay, for all hours in a workweek in excess of 40.

63. FRITO-LAY's conduct and employment practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

64. By reason of these unlawful acts, FRITO-LAY is liable to Plaintiffs for all unpaid overtime compensation in amounts to be determined at trial, together with

9

such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### (INDIVIDUAL CLAIMS – NYLL VIOLATIONS)

65. Plaintiffs repeat and reallege all preceding paragraphs, as if fully set forth herein.

66. FRITO-LAY required Plaintiffs to submit false time records which understated the true number of hours worked.

67. FRITO-LAY violated the NYLL by failing to compensate Plaintiffs for all hours worked, each week.

68. FRITO-LAY violated the NYLL by failing to properly compensate Plaintiffs for all hours in a workweek in excess of forty (40).

69. FRITO-LAY violated the NYLL by failing to compensate Plaintiffs at a rate of 1.5 times their regular rate of pay, for all hours in a workweek in excess of 40.

70. As a result of FRITO-LAY's unlawful business practices, as above described, Plaintiffs received wages in an amount less than the wages that they earned.

71. FRITO-LAY's conduct and employment practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

72. By reason of these unlawful acts, FRITO-LAY is liable to Plaintiffs for wages for all work performed; compensation for all hours in a workweek in excess of forty (40) at a rate of 1.5 times their regular rate of pay, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to NYLL.

## THIRD CLAIM FOR RELIEF
### (CLASS CLAIMS –NYLL VIOLATIONS)

73. Plaintiffs repeat and reallege all preceding paragraphs, as if fully set forth herein.

74. FRITO-LAY required Plaintiffs and members of the Class to submit false time records which understated the true number of hours worked.

75. FRITO-LAY violated the NYLL by failing to compensate Plaintiffs and members of the Class for all hours worked, each week.

76. FRITO-LAY violated the NYLL by failing to properly compensate Plaintiffs and members of the Class for all hours in a workweek in excess of forty (40).

77. FRITO-LAY violated the NYLL by failing to compensate Plaintiffs and members of the Class at a rate of 1.5 times their regular rate of pay, for all hours in a workweek in excess of 40.

78. As a result of FRITO-LAY's unlawful business practices, as above described, Plaintiffs and members of the Class received wages in an amount less than the wages that they earned.

79. FRITO-LAY's conduct and employment practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

80. By reason of these unlawful acts, FRITO-LAY is liable to Plaintiffs and members of the Class, for wages for all work performed; compensation for all hours in a workweek in excess of forty (40) at a rate of 1.5 times their regular rate of pay, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to NYLL.

## FOURTH CLAIM FOR RELIEF
## (CLASS CLAIMS – FLSA VIOLATIONS)

81. Plaintiffs repeat and reallege all preceding paragraphs, as if fully set forth herein.

82. FRITO-LAY violated the FLSA by failing to properly compensate Class Members for all hours in a workweek in excess of forty (40).

83. FRITO-LAY violated the FLSA by failing to compensate Class Members at a rate of 1.5 times their regular rate of pay, for all hours in a workweek in excess of forty (40).

84. FRITO-LAY's conduct and employment practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

85. By reason of these unlawful acts, FRITO-LAY is liable to Class Members for all unpaid overtime compensation, in amounts to be determined at trial, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, Individually and on behalf of all others similarly situated, pray for Judgment as follows:

(a) Certifying this case as a Class Action with Plaintiffs as Class representative and their attorneys, as Class counsel;

(b) A declaration that FRITO-LAY'S practices, as alleged herein, violate the provisions of the FLSA and NYLL.;

(c) Judgment for unpaid overtime compensation to which Plaintiff and Class Members are lawfully entitled pursuant to the NYLL;

(d) Judgment for unpaid overtime compensation to which Plaintiffs and Class Members are lawfully entitled pursuant to the FLSA;

(e) Judgment for liquidated damages pursuant to FLSA and NYLL in an amount equal to the unpaid overtime compensation to which Plaintiffs and Class Members are lawfully entitled, but which were intentionally and wrongfully withheld by FRITO-LAY;

(f) An order directing FRITO-LAY to pay Plaintiffs and Class Members their reasonable attorney's fees and all costs connected with this action;

(g) Such other and further relief as this Court may deem just and proper.

Dated: March 20, 2018

BLAU, LEONARD LAW GROUP, LLC

_____
Steven Bennett Blau
Shelly A. Leonard
23 Green Street, Suite 303
Huntington, NY 11743
(631) 458-1010
sblau@blauleonardlaw.com
sleonard@blauleonardlaw.com

*Attorneys for Plaintiffs*