

Shelly A. Leonard
Partner
23 Green Street ▪ Suite 303
Huntington ▪ NY 11743
T: 631-458-1010 ext. 200
F: 631-458-1011
*Admitted in NY & NJ*
sleonard@blauleonardlaw.com

December 20, 2018

**VIA ECF**

Honorable Alison J. Nathan
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *White, et al. v. Rolling Frito-Lay Sales, L.P.*
             Docket No. 1:18-cv-02470-AJN

Dear Judge Nathan,

      This firm represents Plaintiffs, Phillip White and Ricardo Hiciano ("White" "Hiciano" or "Plaintiffs") in the above-referenced matter. Pursuant to the guidance set forth in the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Circ. 2015), we write to request that the Court approve of the parties' agreement to settle Plaintiffs' wage-based claims asserted against Defendant in this matter as a fair and reasonable settlement of those claims. Counsel for the Defendant joins in this application.

*Background to Settlement*

      By way of brief background, this is a wage and hour class and collective action brought on behalf of named Plaintiffs against Rolling Frito-Lay Sales, L.P. ("Frito-Lay"). Plaintiffs allege violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiffs had sought to bring a class and collective action on behalf of all current and former non-exempt Route Sales Associates ("RSAs") employed by Frito-Lay in New York. Specifically, Plaintiffs allege that they and the putative class/collective members were required to work off-the-clock and as a result were not compensated for all hours worked, including overtime hours. Plaintiffs further assert that the overtime rate at which they were compensated failed to pay for those overtime hours at 1.5 times their regular rate of pay. (DK. 1).

      Defendant filed its answer (DK. 15) denying Plaintiffs' allegations and maintaining that all RSAs were paid for all hours worked and at the proper straight-time and overtime rates. Frito-Lay claims that RSAs are exempt from overtime under the FLSA and NYLL pursuant to the federal and state Motor Carrier Act exemptions. Specifically, Plaintiffs' job responsibilities included driving vehicles weighing over 10,000 pounds gross vehicle weight rating ("GVWR") and transporting product in interstate commerce, requiring regulation by the Department of Transportation, and qualifying the RSA position as exempt from overtime pay requirements under state and federal law. Moreover, Frito-Lay maintains that RSAs were properly classified as outside salespersons, qualifying for an exemption from payment of a minimum wage and overtime under the FLSA and NYLL. Further, Frito-Lay asserted that a significant portion of the putative class/collective had already released any claim for recovery under the FLSA and the NYLL for the majority of the

limitations period that Plaintiffs wished to represent due to the earlier settlement in a related case: *Fagan v. Rolling Frito-Lay Sales, LP*, Case No. 50-2017-CA-001582-XXXX-MB (15th Judicial Circuit in and for Palm Beach County, Florida).

Following the exchange of document discovery, the parties and their counsel had extensive arms length discussions and agreed to resolve the wage-based claims on an individual basis pursuant to the terms of the Settlement Agreement attached as Exhibit A ("SETTLEMENT AGREEMENT AND RELEASE OF WAGE AND HOUR CLAIMS"). As part of this settlement, Plaintiffs agreed to dismiss their class and collective action claims based upon Defendant's arguments, as described above.

*Fair and Reasonable Settlement*

Pursuant to *Cheeks*, approval of the district court or the Department of Labor is required for settlements dismissing FLSA claims with prejudice. *Cheeks,* 796 F.3d at 206 (2d Cir. 2015). District courts must review FLSA settlements to determine if they are "fair and reasonable." *Flores v. Food Express Rego Park, Inc.*, No. 15-cv-1410-KAM-SMG, 2016 U.S. Dist. LEXIS 11351, 2016 WL 386042, at *1 (E.D.N.Y. Feb. 1, 2016). In doing so, the court must evaluate the "totality of the circumstances" including the possible range of recovery, the extent to which the settlement allows the parties to avoid unanticipated costs in making their cases, the seriousness of the litigations risks the parties face, whether the agreement is the product of arm's-length negotiations between experienced lawyers, and the likelihood of collusion or fraud. *See Santos v. EL Tepeyac Butcher Shop Inc.*, No. 15-cv-814-RA, 2015 U.S. Dist. LEXIS 168186, 2015 WL 9077172, at *1 (S.D.N.Y. Dec. 15, 2015).

In this matter, after document exchange and extensive settlement negotiations, the parties reached a compromise to settle this matter on an individual basis for an agreed upon total sum of $50,000.00 subject to the Court's approval. Defendant apportioned $25,000.00 of the settlement to Plaintiffs' threatened employment-related claims other than those specific claims raised pursuant to the FLSA, for example, alleged wrongful termination and discrimination. The terms and conditions of that allocation are memorialized in a separate Confidential Settlement Agreement and Release, which is not subject to *Cheeks* review. ("Non-Wage and Hour Settlement"). Twenty-Five Thousand was allocated to the FLSA and NYLL wage and hour claims in this action, the terms of which are memorialized in the SETTLEMENT AGREEMENT AND RELEASE OF WAGE AND HOUR CLAIMS, attached. The parties aver that that the Wage and Hour Settlement represents a fair resolution of the matter achieved through arms-length negotiations. The total Wage and Hour Settlement amount is to be allocated in the amount of $8,500.00 to each Plaintiff ($17,000.00 total to the Plaintiffs) and $8,000.00 for attorney's fees and costs. The Non-Wage and Hour Settlement is allocated in the amount of $8,500.00 to each Plaintiff ($17,000.00 total to the Plaintiffs) and $8,000.00 for attorney's fees and costs.

The Wage and Hours Settlement is inclusive of attorneys' fees, and avoids the potentially significant and unanticipated burdens and expenses in establishing the parties' respective positions through motion practice or at trial. The FLSA Settlement Agreement and Release also comports to post – *Cheeks* precedent in that the agreement does not contain a confidentiality provision, nor does in incorporate a release or waiver of claims unrelated to wage and hour claims or that is so broad and encompassing as to be rejected as running afoul of fairness and reasonableness. *See Panganiban v. Medex Diagnostic & Treatment Ctr.*, No. 15-CV-2588(AMD)(LB), 2016 WL 927183, at *3 (E.D.N.Y. March 7, 2016)

Through discovery, Defendant produced competent evidence that would more likely than not establish that Plaintiffs and the putative collective/class, were exempt from the payment of

overtime under the FLSA and NYLL pursuant to the federal and state Motor Carrier Act exemptions. In addition, through discovery Defendant produced competent evidence that would more likely than not establish that the amount of unpaid wages or overtime wages owed to Plaintiffs and the putative collective/class would be nominal, if not non-existent pursuant to an earlier settlement in a related case. (*Fagan v. Rolling Frito-Lay Sales, LP*, Case No. 50-2017-CA-001582-XXXX-MB (15th Judicial Circuit in and for Palm Beach County, Florida). Significantly, if the case were to continue to depositions and dispositive motion practice and/or trial, Defendant argues that it would be able to demonstrate that Plaintiffs and the putative collective/class were exempt, released their claims through *Fagan*, and/or were properly compensated.

*Attorneys' Fees and Costs*

Plaintiff entered into a standard wage and hour retainer agreement with Blau Leonard Law Group, LLC, ("BLLG") to prosecute this action for a legal fee of One Third (1/3) of the net recovery or BLLG's actual time billed (loadstar), whichever was greater.

BLLG performed a significant amount of work. BLLG's billing policies included preparation of contemporaneous time sheets recording the time spent working on a particular matter. Omitted from consideration are billing records for support staff and isolated billing events. Post-settlement court proceedings; post-settlement negotiation and preparation of settlement documents are broken out separately. The time records were reviewed and BLLG exercised billing discretion by eliminating duplicative time and any time that could conceivably be criticized as being spent inefficiently. All itemized time expenditures were expended in the course of litigation and were of the type customarily charged to the firm's fee paying clients. All of these hours were necessary and reasonable in the prosecution of this case and are accurate reflections of our true time expenditures. To effectuate this settlement, BLLG has agreed to a discount of its loadstar and acceptance of one-third of the Settlement. This represents the hours that were necessary and reasonable in the prosecution of Plaintiffs' claims.

Based on the foregoing, it is respectfully requested that the Court approve the attorneys' fees and costs in the amount of $16,000.00 ($8,000.00 for the Wage and Hour Settlement and $8,000.00 for the Non-Wage and Hour Settlement) and, pursuant to the guidance set forth in *Cheeks,* approve the SETTLEMENT AGREEMENT AND RELEASE OF WAGE AND HOUR CLAIMS as a fair and reasonable resolution to this matter.

Respectfully,

Shelly A. Leonard

SAL/bb
cc: All counsel of record via ECF