

**Steven Bennett Blau**
**Partner**
23 Green Street ▪ Suite 303
Huntington ▪ NY 11743
T: 631-458-1010 ext. 100
F: 631-458-1011
sblau@blauleonardlaw.com

March 29, 2019

**VIA ECF**
Magistrate Judge Kevin Nathaniel Fox
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   Re: *White, et al. v. Rolling Frito-Lay Sales, L.P.*
      Docket No. 1:18-cv-02470

Dear Magistrate Judge Fox:

  This firm represents Plaintiffs, Phillip White and Ricardo Hiciano, in the above-referenced matter. Pursuant to the teleconference with Your Honor on March 13, 2019, the parties submit the following for your review and approval.

  First, attached as Exhibit "A" are the revised Settlement Agreements and Release of Wage and Hour Claims. The revised Settlement Agreements comport with the Court's directives, with the addition of paragraph 3f.

  Second, a fully executed retainer agreement for Plaintiff, Ricardo Hiciano, is attached as Exhibit "B."

  Third, a part of the total settlement was apportioned to Plaintiffs' threatened employment-related claims, other than those arising pursuant to the FLSA. Without waiving attorney client privilege, Plaintiffs possess putative claims for wrongful termination (White) and discrimination (Hiciano). The terms and conditions of a settlement of those potential claims are addressed in a separate Confidential Settlement Agreement and Release, which is not subject to *Cheeks* review.

  Lastly, Courts in the Second Circuit follow the forum rule, which dictates that "courts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." (*Simmons v. N.Y.C. Transit Auth.*, 575 F3d 170, 174 [2d Cir 2009].) Several Southern District courts have deemed a top rate of $450.00 as the maximum for a senior law firm attorney in FLSA type cases. (See, *Gurung v. Malhotra*, 851 F Supp 2d 583, 597 [SDNY 2012]; *Easterly v. Tri-Star Transp. Corp.*, 2015 WL 337565, *10 [SDNY 2015]; *Aguilera v. Cookie Panache*, 2014 WL 2115143, *3 [SDNY 2014].)

Many courts in this District, however, have found that a higher hourly billing rate is more appropriate for FLSA cases. (*Long v. HSBC USA INC.,* 2016 WL 4764939, at *11 [SDN. 2016] (awarding $550 per hour to partner with 18 years of experience, $500 per hour to partner with 15 years of experience); *Torres v. Gristede's Operating Corp.*, 2012 WL 3878144 at *3-4 [SDNY 2012], aff'd, 519 Fed Appx. 1, 3-4 [2d Cir 2013] (awarding $550 per hour to partners with 22+ years of experience, $500 per hour to partner with 14 years of experience); *Rozell v. Ross-Holst*, 576 FSupp2d 527, 545-46 [SDNY 2008] (awarding $600 per hour to partners with 34+ years of experience); *Kim v. Kum Gang, Inc.*,2015 WL 3536593 [SDNY2015](awarding $600 per hour to a partner); *Mills v. Capital One N.A.,* 2015 WL 5730008 at *1 [SDNY 2015] (awarding $550 to partner with 16 years experience); *Viafara v. MCIZ Corp*., 2014 WL 1777438 at *14 (awarding $550 per hour to senior partner).

Blau Leonard Law Group, LLC., expended a minimum of 67 hours in this litigation (loadstar of over $35,000.00). Steven Bennett Blau is an AV rated attorney, licensed to practice law for 44 years. Mr. Blau has received Court Approved fees in FLSA actions across New York State based upon a comparison of his loadstar in the amount of $550.00 per hour. Mr. Blau is actively engaged in complex litigation, including class actions and mass torts.

Shelly A. Leonard is an attorney licensed to practice law for 20 years. Ms. Leonard has received Court Approved fees in FLSA actions across New York State based upon a comparison of her loadstar in the amount of $475.00 per hour. Ms. Leonard also is a complex litigator including class actions, mass torts, and other employer litigations.

To effectuate this settlement, BLLG has agreed to a discount over 50% of its loadstar. The attorney's fees and costs of $5,000.00 (one-third of the Wage and Hour Settlement) represent the hours that were necessary and reasonable in the prosecution of Defendant's wage-based claims and the attorney's fees and costs of $8,000.00 (one third of the Non-Wage Settlement) represent the hours that were necessary and reasonable in the prosecution of Plaintiffs' non-wage based claims.

Based on the foregoing, it is respectfully requested that the Court approve the attorneys' fees and costs in the amount of $13,000.00 ($5,000.00 for the Wage and Hour Settlement and $8,000.00 for the Non-Wage and Hour Settlement) and, pursuant to the guidance set forth in *Cheeks,* approve the Wage and Hour Settlement Agreement and Release.

Respectfully,

Steven Bennett Blau

SBB/vm